Municipality of Isabela, Petitioner, *v.* District Court of San Juan, Manuel Tous Soto, Rafael Cuevas Zequeira and Rafael Rivera Zayas, Respondents.

No. 41. Argued March 28, 1927.—Decided March 31, 1927.

*O'Neill & O'Neill* for the petitioner. *M. Tous Soto* and *R. Cuevas Zequeira pro se,* and the latter for R. Rivera Zayas.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The attorney for the Municipality of Isabela filed in this court a petition for a writ of prohibition, alleging that the District Court of San Juan was maintaining jurisdiction of a certain case without legal authority. The court ordered a hearing and after it was held on the 28th of March, 1927, after mature consideration of the matter the court is of the opinion that the writ of prohibition should not be issued.

The petition is based on the ground (1) that the district court was maintaining jurisdiction of the action brought by Manuel Tous Soto against the petitioner, leaving aside without argument or decision a certain motion of the petitioner attacking the summons, and (2) that the district court failed to rule on the anomalous situation of the double representation of the petitioner. The defendant municipality appeared in that action by certain attorneys appointed by the municipal assembly and by other attorneys appointed by the mayor. The petition for this writ of prohibition was filed by the attorney appointed by the mayor in representation of the municipality.

As regards the first ground it is sufficient to say that at the hearing the petitioner stated that in arguing the case the plaintiff in the action alleged that the defendant had acquiesced and that the court so held. If this be true, it was unnecessary to consider the defendant's motion, for it was ruled on impliedly. If the defendant had submitted to the jurisdiction of the court, what need was there to inquire and decide whether or not the summons was defective? If the ruling of the court was erroneous on its merits, the petitioner might have moved the court to reconsider it, or had it reviewed by ordinary legal remedies.

We agree with the petitioner that its double representation can not and must not stand and that perhaps the district court, after the argument heard by it, could and should have decided thereon. But that is no ground for a writ of prohibition.

Moreover, it must be admitted, as alleged at the hearing by the plaintiff in the action, that the question was not raised by written motion, which is the proper way of raising questions in courts of record, except during the trial. The petitioner has every opportunity of raising the question again and to comply with all the requisites and formalities required by the best practice.

The issuance of the writ is denied.